# THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEO JAMES, JR.

    Plaintiff,

v.                             3:13-CV-1638
                                     (JUDGE MARIANI)

TRI-WAY METALWORKERS, INC.

    Defendant.

## MEMORANDUM OPINION

### I. INTRODUCTION

On June 18, 2013, Plaintiff, Leo James, Jr., filed a Complaint against Defendant, Tri-Way Metalworkers, Inc. (Doc. 1). Prior to the filing of this claim, Plaintiff timely filed a Charge of Employment Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") against Tri-Way Metalworkers. (Doc. 1, at ¶ 4). The EEOC issued a Notice of Right to Sue, and Plaintiff filed the present action within 90 days of receipt of the Notice. (*Id.*).

The Complaint alleges that Defendants deprived Plaintiff of employment in whole or in part because of his race in violation of 42 U.S.C. § 1981 (Count I); conspired against Plaintiff in violation of 42 U.S.C. § 1985 (Count II); engaged in unlawful practices protected under Title VII of the Civil Rights Act of 1964 and 1991, as amended, and 42 U.S.C. § 2000e, *et seq.*, and retaliated against Plaintiff for exercising his rights under Title VII (Counts III, IV, VII); fostered and perpetuated a hostile and offensive work environment and

retaliated against Plaintiff because of his expressed opposition to these conditions in violation of 43 Pa.Cons.Stat.Ann. § 951, *et seq.* (Count VI); and subjected Plaintiff to Intentional Infliction of Emotional Distress (Count VIII). Plaintiff also requests declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.* (Count V); and Punitive Damages (Count IX).

On October 22, 2013, Defendant filed a Motion to Dismiss Portions of Plaintiff's Complaint. (Doc. 11). Plaintiff did not concur in the motion, but failed to file any brief in opposition. Consequently, on August 18, 2014, the Court ordered that "in accordance with Local Rule 7.6 that any party opposing any motion, other than a motion for summary judgment, who fails to file a brief in opposition within 14 days after service of the movant's brief 'shall be deemed not to oppose such motion'", the plaintiff must "show cause why Defendant's Motion to Dismiss Portions of Plaintiff's Complaint (Doc. 11) should not be deemed unopposed." (Doc. 16). Plaintiff failed to comply with the Court's Order. As a result, Defendant's motion is ripe for decision. For the reasons set forth below, the Court will grant in part and deny in part Defendant's motion.

## II. FACTUAL ALLEGATIONS

Plaintiff's Complaint makes the following allegations:

James, an African American, was hired by Tri-Way Metalworkers as a laborer on May 9, 2006. (Doc. 1, ¶¶ 18, 20). During his employment with Defendant, he "was verbally harassed by a co-worker and/or employees of the Defendant . . . on a regular basis." (*Id.* at

¶ 21). The co-worker, Dennis Hower, referred to James "as the 'n-word' or 'boy'".[1] (*Id.* at ¶¶ 22, 28). On numerous occasions, Plaintiff reported these comments to management, specifically John Martino, vice-president of Tri-Way Metalworkers. (*Id.* at ¶ 23). Defendant failed to take corrective action or protect Plaintiff from Tri-Way Metalworker's employees and/or officers, causing James to continue to work "in this hostile work environment and continu[e] to oppose and report the hostile work environment." (*Id.* at ¶¶ 29, 31). James' supervisors "created not only a hostile work environment for Plaintiff" at work, but "also created a pattern of undermining Plaintiff['s] . . . duties in performing his job duties." (Doc. 1, ¶ 33). While James "attempted to work through the harassment and hostile work environment[, s]crutiny of Plaintiff . . . intensified as a result of his reporting the illegal actions of the Defendant." (*Id.* at ¶ 36).

James was discharged from his employment on or about April 27, 2007, allegedly because he failed to "'punch out' for lunch"; however "other Caucasian employees were not required to do so and were not reprimanded and/or discharged from their employment." (Doc. 1, ¶¶ 21, 24). Instead, Plaintiff alleges that he was "continuously harassed and eventually discharged from his employment because of his race as an African American" (*Id.* at ¶ 25), and in retaliation for

> reporting and opposing the hostile work environment; racial, color, religion, ancestry and/or national origin harassment and racial, color, religion, ancestry and/or national origin discrimination; religious harassment and religious

---

[1] It is unclear whether other employees also utilized similar racial slurs and insults.

discrimination; national origin harassment and national origin discrimination to which he was exposed.

(*Id.* at ¶ 16).

### III. STANDARD OF REVIEW

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

When a party does not oppose a motion to dismiss, a Court generally must nonetheless undertake an analysis of the merits of the Complaint. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29 (3d Cir. 1991); *see also Husick v. Allegheny Cnty.*, 304 Fed.Appx. 977, 979 (3d Cir. 2008) (stating that the Third Circuit has "made clear [their] disfavor of dismissals under Rule 12(b)(6) for purposes of sanctioning a litigant, and . . . that a Rule 12(b)(6) motion should not be granted without an analysis of the merits of the underlying complaint notwithstanding local rules regarding the granting of unopposed motions."). However, in certain cases, a district court may rely on the local rule to treat a motion to dismiss as unopposed and subject to a dismissal without a merits analysis, in

5

particular if the party is represented by an attorney or "if a party fails to comply with the rule after a specific direction to comply from the court." *Stackhouse*, 951 F.2d at 30.

## IV. ANALYSIS

Defendant's Motion to Dismiss Portions of Plaintiff's Complaint pursuant to FED. R. CIV. P. 12(b)(6) requests dismissal with prejudice of Count I (violations of 42 U.S.C. § 1981), Count II (violations of 42 U.S.C. § 1985), Count VIII (Intentional Infliction of Emotional Distress), and all of Plaintiff's discrimination, harassment, and retaliation claims based upon religion, ancestry, and/or national origin. (Doc. 11). As a result of Plaintiff's failure to respond to both Defendant's Motion to Dismiss and the Court's August 18, 2014, Order to do so, the Court deems Defendant's motion as unopposed. However, in accordance with Third Circuit precedent, and out of an abundance of caution, the Court will address the merits of the Complaint with respect to Defendant's motion.[2]

### A. Statute of Limitations

Defendant asserts that Counts I, II, and VIII of the Complaint should be dismissed as untimely. (Doc. 13, at 5-8). The statute of limitations begins to run when the plaintiff's cause of action accrues, to wit, "as soon as a potential claimant either is aware, or should

---

[2] Although we will address the merits of the Complaint, the Court notes that pursuant to Third Circuit precedent, this may not be necessary given that Plaintiff is both represented by presumably competent counsel and refused to comply with a specific direction from the court. Here, Plaintiff is represented by attorney Michael G. Longenhagen, who, while failing to file a brief in opposition to Defendant's motion to dismiss portions of the Complaint and inexplicably failing to respond to this Court's Order to do so, has been in communication with counsel for Defendant, as evidenced in his concurrence to Defendant's Motion for Enlargement of Discovery and All Related Deadlines (Doc. 14), demonstrating his continued participation in this case.

6

be aware, of the existence of and source of an injury." *Oschiver v. Levin, Fishbine, Sedran & Berman*, 38 F.3d 1380, 1385-1386 (3d Cir. 1994). While "a statute of limitations defense cannot be used in the context of a Rule 12(b)(6) motion to dismiss, an exception is made where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Oshiver*, 38 F.3d at 1384 n.1. In such a case, the defendant must establish "the elements of a statute-of-limitations defense, 'including the date that the limitations period commenced.'" *Baker v. Gichner Shelter Sys.*, 2013 WL 3863941, *4 (M.D. Pa. 2013) (quoting *Vazquez v. Caesar's Paradise Stream Resort*, 524 Fed.Appx. 831, 834 (3d Cir. 2013)); *see also Ebbert v. DaimlerChrysler Corp.*, 319 F.3d 103, 108 (3d Cir. 2003) ("Proof of the expiration of the statute of limitations clearly requires proof of the lawful start date of the limitations period.").

For the following reasons, we agree with Defendant that Counts I, II, and VIII are untimely. Therefore, we will not address the underlying merits of these Counts. Further, permitting any amendment would necessarily be futile. Consequently, Counts I, II, and VIII of Plaintiff's Complaint will be dismissed with prejudice.

### 1. Count I – 42 U.S.C. § 1981

"Since there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law." *Johnson v. Railway Exp. Agency, Inc.*, 421 U.S. 454, 462, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975). Therefore, with the exception of

claims that could have been raised under the pre-1991 version of § 1981 wherein a four year statute of limitations would be applicable, under Pennsylvania state law, a two-year statute of limitations will apply for personal injury actions. *See Ke v. Ass'n of Pa. State Coll. & Univ. Faculties*, 447 Fed.Appx. 424 (3d Cir. 2011).

Here, the Court need not determine whether Plaintiff's § 1981 claim could have been raised under the pre-1991 amendment to the statute. James' Complaint specifically alleges that his employment was terrminated on or about April 27, 2007. Further, he did not file his Complaint with this Court until June 18, 2013. Because the pursuit of administrative remedies before the EEOC and/or PHRC does not toll the statute of limitations, *see Chatterjee v. Philadelphia Federation of Teachers*, 214 Fed.Appx. 201, 206 (3d Cir. 2007), even if the Court were to apply a four year statute of limitations, Plaintiff must have filed his Complaint on or before April 27, 2011. As a result, as required by the Third Circuit, "the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading," *Oshiver*, 38 F.3d at 1384 n.1, and this Count may be properly dismissed.

### 2. Count II – 42 U.S.C. § 1985

Count II of Plaintiff's Complaint raises the identical problem as that in Count I. Under Pennsylvania law, claims brought pursuant to § 1985 are subject to a two-year statute of limitations. *Garland v. US Airways Inc.*, 270 Fed.Appx. 99, 103 (3d Cir. 2008) (citing *Bougher v. Univ. of Pittsburgh*, 882 F.2d 74, 80 (3d Cir.1989) (holding that Pennsylvania's

two-year statute of limitations applies to actions under § 1985)). Additionally, Plaintiff's timely filing of his EEOC and PHRC complaint does not toll the applicable time period. *Chatterjee*, 214 Fed.Appx. at 206 (agreeing with the district court that Plaintiff's "pursuit of administrative remedies for his Title VII claim did not operate to toll the limitations period for his §§ 1981, 1983, 1985(3), or state law claims.").

While Plaintiff drafts his allegation of a § 1985 conspiracy very broadly,[3] we evaluate his claims only to the extent that the conspiracy applies to, and affected, him. As previously stated, the Complaint clearly pleaded the date of Plaintiff's termination on its face. Based on this fact, Defendant correctly argues that because "any such alleged conspiracy would have ended upon [Plaintiff's] termination from employment", the statute of limitations began to run at such time. (Doc. 13, at 7). Because the Complaint does facially show noncompliance with the limitations period, Defendant meets the necessary burden to successfully assert its affirmative defense at this time. The statute of limitations began to run on the date of Plaintiff's discharge, April 27, 2007, and Count II is exceedingly untimely. Consequently, Defendant's motion to dismiss Count II with prejudice will be granted.

---

[3] Plaintiff contends that:

> The conspiracy consisted of but ont [*sic*] limited to:
> (a) discharging the Plaintiff, Leo James, Jr. from his employment
> (b) refusing to hire African Americans and minority applicants
> (c) instituting employment policies and practices excluding minorities
> (d) in instituting disparate employment policies and practices with the exclusionary effect on minority applicants and the Plaintiff, Leo James, Jr. and engaging in a pattern calculated to keep blacks out of their employment.

(Doc. 1, ¶ 52).

### 3. Count VIII – Intentional Infliction of Emotional Distress

Under Pennsylvania law, a claim for intentional infliction of emotional distress is subject to a two-year statute of limitations. 42 Pa.Cons.Stat.Ann. § 5524. Additionally, Plaintiff's pursuit of administrative remedies does not toll this limitations period. *Chatterjee*, 214 Fed.Appx. at 206.

Plaintiff alleges that Defendant's actions, or inactions, "created a work environment which was hostile and intentionally caused Plaintiff to suffer severe emotional distress." (Doc. 1, ¶ 76). In light of the undisputed fact that James was terminated on or about April 27, 2007, and was therefore no longer subject to the purported "unwelcome race, color, religion, ancestry and/or national origin offensive behavior and conduct," (*Id.*), the statute of limitations accrued as of the date of Plaintiff's discharge. As a result, James must have filed his Complaint within two years of that date. Here, James waited more than six years to file the present action. It is therefore clear that the Complaint "facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading," *Oshiver*, 38 F.3d at 1384 n. 1. Consequently, Defendant's motion to dismiss may properly be granted as to this Count.

### B. Allegations of Discrimination, Harassment, and Retaliation Based on Religion, Ancestry and/or National Origin

Throughout the Complaint, Plaintiff asserts claims of discrimination, harassment, and retaliation based on race, color, religion, ancestry, and/or national origin. (*See* Doc. 1, ¶¶ 5,

8, 16, 17, 57, 70, 71, 76, 84). Tri-Way Metalworkers argues that "Plaintiff's claims in the underlying PHRC Complaint were limited to race-based claims of harassment, discrimination, and retaliation. . . . [The] Complaint did not purport to set forth any claim of discrimination, harassment or retaliation on the basis of religion, ancestry and/or national origin, much less present facts in support of such claims." (Doc. 13, at 10). Consequently, Defendant contends that "such claims are not fairly within the scope of the PHRC Complaint" and should be dismissed with prejudice "because Plaintiff failed to exhaust his administrative remedies with respect to such claims under Title VII and the PHRA prior to filing the instant lawsuit." (*Id.*).[4]

A federal court lacks jurisdiction to hear a Title VII claim unless the plaintiff has filed a charge with the EEOC. *Woodson v. Scott Paper Co.*, 109 F.3d 913, 926 (3d Cir. 1997) (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)); *see also Atkinson v. LaFayette Coll.*, 460 F.3d 447, 453 (3d Cir. 2006) ("Generally,

---

[4] Defendant attached Plaintiff's EEOC/PHRC Complaint to its Motion to Dismiss. (PHRC/EEOC Compl., Doc. 11-2). In *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993), the Court held "that a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." In such a circumstance, there is no need for the motion to be converted to a summary judgment motion, since the complaint relies on the document and therefore "the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished." *Id.* Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir.2002); *see also In re. Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) ("As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. However, an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment") (emphasis in original) (internal citations and quotations omitted). Because the entirety of Plaintiff's Complaint relies on the timely filing of his Charge of Employment Discrimination, and the contents of this undisputedly authentic document, the Court may properly consider the attached document in analyzing Defendant's argument.

before filing a Title VII suit, an employee must file a complaint with the EEOC to attempt to resolve the dispute before involving litigation."). In determining whether the plaintiff was required to exhaust his administrative remedies, the relevant test "is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint." *Mullen v. Topper's Salon and Health Spa, Inc.*, 99 F.Supp2d 553, 556 (E.D.Pa. 2000) (quoting *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir.1996)). As such, "it is not necessary for a complaint to mirror an EEOC charge; it must only be 'within the scope' of the charge." *Id.*

Here, it is undisputed that Plaintiff set forth a claim of discrimination, harassment, or retaliation based on race. (*See* PHRC/EEOC Compl.; Doc. 13, at 9). Therefore, Defendant only disputes Plaintiff's inclusion of claims of discrimination, harassment or retaliation on the basis of religion, ancestry, and/or national origin. However, construing the PHRC/EEOC charge as broadly as reasonably possible, James' claims of discrimination based on national origin and ancestry asserted in this action can reasonably be found to be "within the scope" of Plaintiff's charge of discrimination and to have put the EEOC, PHRC, and defendant on notice and provided them with a chance to settle. In contrast, Plaintiff's religious claims in his complaint before this Court cannot be reasonably read to be encompassed in the allegations of the PHRC/EEOC Complaint. (*See generally*, PHRC/EEOC Compl.).

Consequently, the claims in those counts that may relate to the protected criteria of religion are stricken, but Plaintiff may proceed with his claims of discrimination, harassment, and/or retaliation based on race, color, ancestry, and/or national origin.[5]

## V. CONCLUSION

For the foregoing reasons, the court will grant in part and deny in part Defendant's Motion to Dismiss Portions of Plaintiff's Complaint. (Doc. 11). A separate Order follows.

Robert D. Mariani
United States District Judge

---

[5] Defendant does not state whether it is requesting that Plaintiff's claims relating to color be dismissed. If Defendant did present such an argument, it would be rejected for the reasons stated in connection with Plaintiff's claims of national origin and ancestry.

13